UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| LARRY BALLANGER, | ) |
| | ) |
| Plaintiff, | ) |
| | )   1:11-CV-107 |
| v. | ) |
| | )   Collier/Lee |
| CITY OF CHATTANOOGA POLICE | ) |
| DEPARTMENT and CRISTINA | ) |
| HENDERSON | ) |
| | ) |
| Defendants. | ) |

**M E M O R A N D U M**

Before the Court is Plaintiff Larry Ballanger's ("Plaintiff") motion to reconsider pursuant to Rule 60(b) of the Federal Rules of Civil Procedure (Court File No. 37). On August 20, 2012, the Court granted a motion for summary judgment filed by Defendants City of Chattanooga Police Department and Officer Cristina Henderson (collectively, "Defendants") (Court File Nos. 35, 36). In the Court's Order, it granted summary judgment for Defendants on Plaintiff's excessive force claim based in part on Plaintiff's failure to present evidence of injury-in-fact. Plaintiff argues he obtained new evidence following the briefing on that motion and only three days prior to entry of the Court's Order. Plaintiff now seeks relief on this basis, and one additional basis, pursuant to Rule 60. Defendants oppose this motion (Court File No. 39). For the following reasons, the Court will **DENY** Plaintiff's Rule 60(b) motion (Court File No. 37).

**I.      FACTS & PROCEDURAL HISTORY**

Plaintiff brought this action following a traffic stop that ended in his arrest. The Court discussed the facts of the case in its Order and memorandum granting Defendants' motion for summary judgment (Court File Nos. 35, 36). In brief, Plaintiff honked his horn when Officer

Cristina Henderson ("Officer Henderson") did not respond quickly enough to a green light. Officer Henderson then conducted a traffic stop and chided Plaintiff for honking at her. She attempted to cite Plaintiff for a noise violation and obstructing traffic, but Plaintiff refused to sign the citations. In response to Plaintiff's refusal to comply, Officer Henderson cited him for disorderly conduct. Officer Henderson handcuffed Plaintiff after he refused to sign the third citation. Plaintiff claimed the handcuffs were too tight. When a second officer arrived on the scene, he loosened Plaintiff's handcuffs. Plaintiff subsequently spent time in jail and attended a preliminary hearing, but the charges were eventually dismissed.

Plaintiff then sued Defendants on a number of claims. He alleged (1) a violation of his civil rights guaranteed by the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983 by all Defendants; (2) a violation of 42 U.S.C. § 1981 by all Defendants; and (3) various state law torts, including battery, false arrest, false imprisonment, malicious prosecution, abuse of process, negligence, and intentional infliction of emotional distress. Defendants moved for summary judgment on all claims.

The Court granted Defendants' motion. The Court concluded Plaintiff failed to offer any evidence sufficient to establish municipal liability. With respect to Officer Henderson, the Court concluded Plaintiff's Fourth Amendment claim failed because Officer Henderson had probable cause to arrest Plaintiff as demonstrated by the grand jury's subsequent indictment against him. The Court also concluded Plaintiff failed to present evidence to support his excessive force claim, because there was no evidence Officer Henderson ignored his complaints that the handcuffs were too tight and Plaintiff did not present evidence of injury-in-fact. Finally, the Court concluded Plaintiff failed to present evidence to support his § 1981 claim because he did not demonstrate his

2

arrest was related to race nor did he allege a violation of any of the enumerated rights in § 1981.

The Court entered summary judgment in favor of Defendants and dismissed Plaintiff's state claims

without prejudice. Plaintiff now seeks relief from the Court's Order.

## II.     STANDARD OF REVIEW

Plaintiff has filed the present motion pursuant to Rule 60(b) of the Federal Rules of Civil

Procedure. Rule 60(b) provides relief from judgment in certain instances:

> On motion and just terms, the court may relieve a party or its legal representative
> from a final judgment, order, or proceeding for the following reasons: . . . (2) newly
> discovered evidence that, with reasonable diligence, could not have been discovered
> in time to move for a new trial under Rule 59(b); . . . or (6) any other reason that
> justifies relief.

Fed. R. Civ. P. 60(b). Motions to reconsider under Rule 60(b) provide opportunities for the Court

to "correct manifest errors of law or fact and to review newly discovered evidence or to review a

prior decision when there has been a change in the law." *Madden v. Chattanooga City Wide Serv.*

*Dep't*, No. 1:06-CV-213, 2007 WL 2156705, at *3 (E.D. Tenn. July 25, 2007) (quotation omitted).

Such motions seek extraordinary judicial relief and can be granted only upon a showing of

exceptional circumstances. *McAlpin v. Lexington 76 Auto Truck Stop, Inc.*, 229 F.3d 491, 502-03

(6th Cir. 2000).

## III.    DISCUSSION

Plaintiff seeks relief under Rule 60 on two bases: (1) He obtained a copy of a report prepared

by Defendants' non-testifying witness that pertains to a wrist injury suffered during his handcuffing;

and (2) a question of fact remains regarding whether Officer Henderson lied to the grand jury before

it returned the indictment against Plaintiff.

With regard to the first issue, Plaintiff argues he obtained a report only three days before the

Court entered judgment, which was prepared by Dr. Brian Smith. By stipulation, the parties agreed to extend the expert disclosure date to August 10, 2012. On that day, Defendants filed their pretrial disclosures and listed Dr. Smith as a witness whose testimony was expected to be presented by deposition (Court File No. 33). Plaintiff also listed Dr. Smith's deposition in his pretrial disclosures "as proffered by Defendants" (Court File No. 34). On August 14, 2012, less than one week before the Court granted Defendants' motion, Dr. Smith examined Plaintiff as part of an independent medical evaluation pursuant to Rule 35 of the Federal Rules of Civil Procedure. Defendants, upon receiving Dr. Smith's report, decided not to depose Dr. Smith or introduce his testimony at trial. They notified both Dr. Smith and Plaintiff of this decision on August 15, 2012. Plaintiff requested a letter from the City Attorney's office the following day, August 16, 2012, and Plaintiff inquired as to why Dr. Smith's deposition had been canceled. The City Attorney's office responded on August 17, 2012, explaining it would provide Plaintiff a copy of the report pursuant to Rule 35 and that Dr. Smith was no longer being used as an expert witness. On the same day, Plaintiff received the report.

In Dr. Smith's report, he discusses Plaintiff's representation of the events giving rise to this action, including a sensation of numbness and tightness in his hands following the incident. Plaintiff informed Dr. Smith he had no numbness or tingling before he was handcuffed, and the numbness and tingling have persisted since that time. Dr. Smith noted Plaintiff's wrists were larger than average and it was conceivable his handcuffs had been too tight. Based on the results of a nerve conduction study, Dr. Smith concluded there were some traumatic changes to the nerve. He found credible Plaintiff's representation he had never experienced tingling or numbness in the past, and concluded Plaintiff's symptoms were consistent with his story. Dr. Smith noted Plaintiff may

eventually require surgery, although Plaintiff would not require surgery immediately.

Plaintiff now seeks relief from the Court's Order granting summary judgment based on this report. As noted previously, newly discovered evidence may serve as the basis for a motion under Rule 60(b)(2), which provides relief from a final judgment to consider "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2). Plaintiff must demonstrate "(1) 'that [he] exercised due diligence in obtaining the information' and that (2) 'the evidence is material and controlling and clearly would have produced a different result if presented before the original judgment.'" *Green v. Bank of Am. Corp.*, – F.3d –, No. 12–2275, 2013 WL 3722105, at *3 (quoting *Good v. Ohio Edison Co.*, 149 F.3d 413, 423 (6th Cir. 1998)).

As an initial matter, it is not clear Dr. Smith's report constitutes "newly discovered evidence." After all, Plaintiff received the report *prior* to entry of judgment. Although the report was produced and disclosed to Plaintiff after the briefs had been submitted, he had the report in his possession for three days before the Court ruled on Defendants' motion. Moreover, he stipulated to extending the expert report date after the briefing period. Accordingly, Plaintiff was on notice evidence may be disclosed to him that could be relevant to the motion, which was then ripe for disposition. But he did not seek an extension of time to respond to Defendants' motion or request the Court suspend consideration of the excessive force claim until he could obtain expert testimony. *See* Fed. R. Civ. P. 56(d) ("If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.").

5

Indeed, although Plaintiff listed two doctors as potential witnesses in his first witness list, he did not submit any medical evidence in opposition to summary judgment. Plaintiff could have obtained expert testimony at any point during discovery and offers no explanation for his failure to do so. It appears to the Court Plaintiff was unaware he was required to demonstrate injury-in-fact in support of his claim. Upon discovering this requirement during his review of the Court's Order, he hastily offered a report obtained by Defendants rather than on his own accord. This is not the diligence expected of litigants and does not serve as a basis for relieving Plaintiff from the Court's Order under Rule 60(b). *See Hall v. Del. Cnty. Sheriff's Dep't*, 85 F.3d 628, 1996 WL 262973, at *2 (6th Cir. May 16, 1996) (table opinion) (concluding plaintiffs' Rule 60(b) motion failed where they obtained a deposition two days prior to entry of summary judgment because plaintiffs did not exercise due diligence when they failed to depose the witnesses in a timely manner or request a continuance to do so).

Moreover, the Court's ruling was not solely based on Plaintiff's failure to submit evidence of injury-in-fact. The Court concluded Plaintiff failed to submit evidence to show Officer Henderson ignored Plaintiff's complaints about his handcuffs, which is a required showing when overtightened handcuffs underlie an excessive force claim. *See Morrison v. Bd. of Trs. of Green Twp.*, 583 F.3d 394, 401 (6th Cir. 2009) ("In order for a handcuffing claim to survive summary judgment, a plaintiff must offer sufficient evidence to create a genuine issue of material fact that: (1) he or she complained the handcuffs were too tight; (2) *the officer ignored those complaints*; and (3) the plaintiff experienced some physical injury resulting from the handcuffing."). Plaintiff's failure to offer medical evidence was noted by the Court as a ground for granting Defendant's motion in addition to Plaintiff's failure to allege or offer proof that Officer Henderson ignored his

complaints. Accordingly, even were the Court convinced Dr. Smith's testimony constitutes newly discovered evidence, Plaintiff's claim would still fail.

Finally, with respect to Plaintiff's second basis for relief, the Court rejected these same arguments in its Order granting Defendants' motion for summary judgment. "A Rule 60(b) motion is not a substitute for an appeal." *Madden*, 2007 WL 2156705, at *3 (quotation omitted). Plaintiff has identified no reason enumerated in Rule 60(b) to reconsider these arguments, nor has he directed the Court to consider them under Rule 60(b)(6). Even if he had, "Rule 60(b)(6) should apply only in exceptional or extraordinary circumstances which are not addressed by the five numbered clauses of the Rule." *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990) (quotation omitted). Plaintiff has identified no extraordinary circumstance in this case; he merely restates the arguments the Court has already rejected.

## IV.    CONCLUSION

For the reasons stated above, the Court concludes the "newly discovered evidence" offered by Plaintiff could have been "discovered" *prior* to entry of judgment. Moreover, Plaintiff's excessive force claim would fail even in light of the new evidence. Finally, Plaintiff's second argument  was considered and rejected by the Court in its order granting Defendants' motion for summary judgment. Accordingly, the Court will **DENY** Plaintiff's motion to reconsider (Court File No. 37).

**An Order shall enter.**

**/s/**_____
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**